IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SALLY DUNHAM,[1] | § | |
| | § | No. 12, 2016 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| DIVISION OF SERVICES FOR | § | File No. 15-07-03TN |
| CHILDREN, YOUTH AND THEIR | § | Pet. No. 15-20559 |
| FAMILIES, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| OFFICE OF THE CHILD | § | |
| ADVOCATE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 13, 2016
Decided: June 29, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 29th day of June 2016, it appears to the Court that:

(1)    The appellant, Sally Dunham ("Mother"), has appealed the Family

Court's order dated December 10, 2015, terminating her parental rights in her

daughter born in 2006 and her sons born in  2008 and 2009 (collectively, the

---

[1] By Order dated January 8, 2016, the Court assigned a pseudonym to the appellant.  Del. Supr.
Ct. R. 7(d).

"Children").[2]    Mother's counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26.1(c). Counsel asserts that she has made a conscientious review of the record and the law and can find no arguable grounds for appeal. Mother has not submitted any issues for the Court's consideration. In response to Counsel's submission, the appellees, the Division of Family Services ("DFS") and the Office of Child Advocate ("OCA"),[3] have moved to affirm the Family Court's judgment.

(2)    On September 5, 2014, the Family Court issued an *ex parte* order granting emergency custody of the Children to DFS because of concerns that Mother was homeless. Counsel was appointed to represent Mother at the Preliminary Protective Hearing on September 10, 2014. At the September 10 hearing, and at the Adjudicatory Hearings on October 14, 2014 and January 20, 2015, Mother stipulated to the Children's dependency and custody was continued with DFS. At all of the mandated review hearings, the court found that DFS was making reasonable efforts for reunification.

(3)    At a Dispositional Hearing on March 20, 2015, the Family Court approved a reunification case plan. The key elements of Mother's case plan included finding stable housing; obtaining employment and financial stability;

---

[2] The parental rights of the Children's fathers are not at issue in this appeal. The daughter's father consented to the termination of his parental rights, and the sons' father is deceased.
[3] An OCA attorney was appointed as the Children's guardian *ad litem* in the Family Court proceedings.

obtaining a mental health evaluation and individual therapy; working with a parent aide; completing a Parenting Class; obtaining a substance abuse evaluation and treatment; resolving all pending criminal warrants and adhering to any probation requirements; and avoiding any new criminal charges.

(4) On July 6, 2015, DFS filed a motion to change the goal from reunification to termination of parental rights. DFS also filed a termination of parental rights ("TPR") petition seeking to terminate Mother's parental rights on the statutory ground that she had not planned adequately for the Children's physical needs or mental and emotional health and development. At the conclusion of an evidentiary hearing on August 20, 2015, the Family Court changed the goal from termination to concurrent goals of reunification and termination. The court found that it was unlikely Mother could be reunified with the Children in the near future due to her lack of progress in all areas of her case plan. The court also scheduled a hearing on the TPR petition.

(5) The TPR hearing was held on December 7 and 10, 2015. Over the course of the two-day hearing, the Family Court heard testimony from Mother, the DFS treatment worker, the Children's foster father, Mother's probation officer, Mother's substance abuse treatment counselor, and three social workers. The Family Court granted the petition and terminated Mother's parental rights in the Children. This appeal followed.

(6)     Termination of parental rights in Delaware is based on a two-step statutory analysis.[4]  In the first step, the Family Court must determine whether there is clear and convincing evidence of a statutory basis for termination.[5]  When the statutory basis for termination is an alleged failure to plan, the court also must determine by clear and convincing evidence that there is proof of at least one of five additional statutory conditions[6] and that DFS "made *bona fide*, reasonable efforts to reunite the family."[7]  In the second step of the analysis, if the court finds a statutory basis for termination, the court must determine whether there is clear and convincing evidence that severing parental rights is in the best interest of the child.[8]

(7)     In this case, the Family Court granted the TPR petition after concluding there was clear and convincing evidence of Mother's failure to plan. The court found that Mother had not completed any of the requirements of her case plan despite DFS' efforts for reunification, and that the Children had been in the custody of DFS for over one year.  After considering the best interest factors under 13 *Del. C.* § 722, the court made factual findings and concluded that there was

---

[4] 13 *Del. C.* § 1103(a).  *Shepherd v. Clemens*, 752 A.2d 533, 537 (Del. 2000).
[5] § 1103(a).
[6] § 1103(a)(5).
[7] *Powell v. Dep't of Servs. for Children, Youth & Their Families*, 963 A.2d 724, 737 (Del. 2008) (quoting *Newton v. Div. of Family Serv.*, 2006 WL 2852409, at *2 (Del. 2006) citing *In re Hanks*, 553 A.2d 1171, 1179 (Del. 1989))).
[8] *See* 13 *Del. C.* § 722(a)(1)-(8) (listing best interest factors).  *Powell v. Dep't of Servs. for Children, Youth & Their Families*, 963 A.2d 724, 731 (Del. 2008).

clear and convincing evidence that severing Mother's parental rights was in the best interests of the Children. This appeal followed.

(8) This Court's review of a decision to terminate parental rights requires consideration of the facts and the law as well as the inferences and deductions made by the Family Court.[9] To the extent rulings of law are implicated, our review is *de novo*.[10] To the extent issues implicate rulings of fact, we conduct a limited review of the factual findings of the Family Court to assure they are sufficiently supported by the record and are not clearly wrong.[11] This Court will not disturb inferences and deductions that are supported by the record and the product of an orderly and logical deductive process.[12] If the Family Court has correctly applied the law, our review is limited to abuse of discretion.[13]

(9) Having carefully considered the parties' submissions on appeal and the Family Court record, the Court concludes there is clear and convincing evidence supporting the Family Court's termination of Mother's parental rights. This Court can discern no abuse of discretion in the Family Court's factual findings and no error in the court's decision to terminate Mother's rights. There is ample evidence in the record supporting termination on the statutory basis that

---

[9] *Wilson v. Div. of Family Serv.*, 988 A.2d 435, 439-40 (Del. 2010) (citing cases).
[10] *Id*. at 440.
[11] *Id.*
[12] *Id.*
[13] *Id.*

5

Mother failed to plan for the Children's physical needs or mental and emotional health and development.  Also, there is ample record evidence that it was in the Children's best interests to terminate Mother's parental rights.  The Family Court thoroughly considered the best interest factors and was guided by the factual findings it made as to each.  We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Mother could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice